# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT:   John M. Walker, Jr.,
           Reena Raggi,
           Susan L. Carney,
                   *Circuit Judges.*

---

NATIONWIDE LIFE INSURANCE COMPANY,
           *Defendant-Counter-Claimant-Appellant*,

NATIONWIDE FINANCIAL SERVICES INCORPORATED,
           *Defendant-Counter-Claimant*,

           v.                                              No. 10-4237-cv

LOU HADDOCK, TRUSTEE OF FLYTE TOOL &
DIE, INC. DEFERRED COMPENSATION PLAN,
PETER WIBERG, TRUSTEE OF CROWN TOOL
& DIE COMPANY INCORPORATED SALARY
DEFERRAL PROFIT SHARING, ALAN GOUSE,
TRUSTEE OF GREATER HFD EASTER SEAL
REHABILITATION CENTER, INCORPORATED,
TAX SHELTERED ANNUITY PLAN & MONEY
ACCUMULATION PENSION PLAN FOR THE
EMPLOYEES OF HARTFORD EASTER
REHABILITATION CENTER, INCORPORATED
TRUST, CHRISTOPHER ANDERSON,

TRUSTEE OF ANDERSON LAW FIRM, P.C.
401(K) PROFIT SHARING PLAN & TRUST,
FORMERLY THE ANDERSON & FERDON, P.C.
SECTION 401(K) PROFIT SHARING PLAN,
H. GRADY CHANDLER,
   *Plaintiffs-Counter-Defendants-Appellees*.[1]

---

FOR APPELLANT: Charles C. Platt, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY (*argued*); Thomas F. Clauss, Jr., Wiggin & Dana LLP, Stamford, CT, Daniel H. Squire, Paul R.Q. Wolfson, Daniel P. Kearney, Jr., Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC (*on the brief*).

FOR APPELLEES: Samuel Issacharoff, New York, NY (*argued*); William Bloss, Antonio Ponvert III, Richard A. Bieder, Koskoff Koskoff & Bieder, P.C., Bridgeport, CT, Marc R. Stanley, Stanley Iola LLP, Dallas, TX, Roger L. Mandel, Lackey Hershman, L.L.P., Dallas, TX, Gregory G. Jones, The Law Offices of Gregory G. Jones, P.C., Southlake, Texas (*on the brief*).

  Appeal from the United States District Court for the District of Connecticut (Stefan R. Underhill, <u>Judge</u>).

  UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of class certification entered on November 6, 2009, is VACATED and the case is REMANDED for further proceedings consistent with this order.

  Appellant Nationwide Life Insurance Company ("Nationwide") appeals from the district court's November 6, 2009 order certifying under Federal Rule of Civil Procedure 23(b)(2) a plaintiff class of trustees of qualified employee benefit plans that are covered by the Employee Retirement Income Security Act ("ERISA") and that had variable annuity contracts with Nationwide (or whose participants had such contracts) in a defined period of approximately 14 years ending in November 2009. Plaintiffs—who allege that they represent over 24,000

---

[1] The Clerk of Court is respectfully directed to amend the case caption as shown above.

qualifying plans—maintain that Nationwide is an ERISA fiduciary with respect to those plans. They contend that Nationwide breached its fiduciary duties by collecting "revenue sharing payments" from the mutual funds that it selected and tendered to the plans and from which the plans and individual annuity holders made investment choices. In their suit, plaintiffs seek principally (1) a declaratory judgment that Nationwide's receipt of the mutual funds' payments violated ERISA, (2) an injunction prohibiting Nationwide from receiving such payments, and (3) disgorgement of the payments already received by Nationwide. In an October 20, 2010 order entered pursuant to Federal Rule of Civil Procedure 23(f), we granted Nationwide's motion for leave to appeal the class certification decision. The district court has stayed proceedings pending decision in this appeal. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

**1.     Constitutional Standing**

As a preliminary matter, Nationwide argues that plaintiffs lack constitutional standing to seek disgorgement, citing decisions by this Court holding "that an ERISA Plan participant or beneficiary must plead a direct injury in order to assert claims [for monetary relief] on behalf of a Plan." See, e.g., Central States Se. & Sw. Areas Health & Welfare Fund v. Merck Medco Managed Care, L.L.C., 433 F.3d 181, 200 (2d Cir. 2005). Nationwide misreads that line of authority. Plaintiffs are ERISA Plan trustees, not "Plan participant[s] or beneficiar[ies]." Id. Thus, their allegations of injuries to plans resulting from Nationwide's alleged breaches of fiduciary duties are in no sense indirect, and we have no difficulty concluding that plaintiffs have properly pleaded the required injury-in-fact.

**2.     Class Certification**

During the pendency of this appeal, the Supreme Court issued its opinion in <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541 (2011) (discussing, <u>inter alia</u>, Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(2)).[2]  <u>Wal-Mart</u> teaches that Rule 23(b)(2) does not authorize class certification when—despite the suitability of generalized injunctive or declaratory relief—"each class member would [also] be entitled to an individualized award of monetary damages." <u>Id.</u> at 2557.  Thus, a class complaint alleging numerous individual claims for monetary relief may not be certified under Rule 23(b)(2), "at least where . . . the monetary relief is not incidental to the injunctive or declaratory relief." <u>Id.</u>  This holding rests on the due process concerns expressed by the <u>Wal-Mart</u> Court with respect to adjudicating individualized claims for monetary relief: members of a Rule 23(b)(2) class are not entitled to the notice and opt-out protections that are afforded members of a class certified under Rule 23(b)(3).  <u>Id.</u> at 2258-59.  "Given that structure," the Court held, "we think it clear that individualized monetary claims belong in Rule 23(b)(3)." <u>Id.</u> at 2558.

Nationwide argues that plaintiffs' claims are not suitable for class adjudication under Rule 23(b).  The decision in <u>Wal-Mart</u> significantly altered the applicable analysis for class certification under Rule 23(b)(2).  In its class certification order under Rule 23(b)(2), the district court properly relied on our pre-<u>Wal-Mart</u> decision in <u>Robinson v. Metro-North Commuter</u>

---

[2] Although Nationwide's brief adverts to Rule 23(a)'s requirements of commonality, typicality, and adequacy, Nationwide's supporting arguments regarding that provision largely attack the merits of plaintiffs' ERISA liability theories.  Given the posture of this appeal, such merits arguments are not properly before us, and we need not discuss them beyond observing  that we see no abuse of discretion in the district court's conclusion that the putative class meets Rule 23(a)'s requirements.  To the extent that Nationwide argues that plaintiffs' case will require individualized proof, we think that is a matter for the district court to consider on remand in applying Rule 23(b)(3).

Railroad Co., 267 F.3d 147 (2d Cir. 2001).  See Haddock v. Nationwide Fin. Servs., Inc., 262 F.R.D. 97, 121 (D. Conn. 2009).  In Robinson, we applied a "predominance" test in determining whether to certify a Rule 23(b)(2) class, balancing the relative importance of claims for injunctive or declaratory relief with that of associated claims for monetary relief, and finding Rule 23(b)(2) adjudication appropriate if claims for general injunctive or declaratory relief predominated over those for individualized monetary relief.  267 F.3d at 162-64.  In Wal-Mart, however, the Supreme Court instructed that unless merely "incidental" to the requested declaratory or injunctive relief, claims for individualized monetary damages preclude class certification under Rule 23(b)(2).  131 S. Ct. at 2557-60.  In the case at bar, if plaintiffs are ultimately successful in establishing Nationwide's liability on the disgorgement issue, the district court would then need to determine the separate monetary recoveries to which individual plaintiffs are entitled from the funds disgorged.  This process would require the type of non-incidental, individualized proceedings for monetary awards that Wal-Mart rejected under Rule 23(b)(2).

Plaintiffs moved for class certification under both Rules 23(b)(2) and 23(b)(3), however.  See Haddock, 262 F.R.D. at 120.  Because the district court certified the class under Rule 23(b)(2), it did not reach the question of whether class certification would be appropriate under Rule 23(b)(3).  See id.  We therefore vacate the district court's November 2009 order and remand the case for reconsideration of plaintiffs' motion for class certification in light of the Supreme Court's decision in Wal-Mart.

1                                    **CONCLUSION**

2        For the foregoing reasons, the district court's order of class certification is **VACATED**

3    and the case is **REMANDED** for further proceedings consistent with this Order.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit